## G. M. CRESSAP v. ADAMS EXPRESS CO.

Express Company — Responsibility for Goods Taken by Robbers — Reasonable Time to Deliver — Offer to Deliver.

Where an Express Company has reasonable time to deliver goods or a reasonable time to offer to deliver them they are responsible for the value of the goods lost by the reason of being taken by robbers.

APPEAL FROM HARDIN CIRCUIT COURT.

January 19, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The consignee of the gold watch and breastpin was Miss Lanel, who then lived with her parents in Elizabethtown, some 300 or 400 yards from the office, which was well known to the agent of the company. The watch and pin arrived about 4 o'clock on the afternoon of June 12, 1863, the consignee then being out of town but her father and mother both being at home, and so remained

until after the rebel soldiers, under command of Captain Hines, came in the next morning about 10 o'clock and robbed the safe of the company and took the watch and pin.

The agent did not offer to deliver the articles at the residence of the consignee; indeed, did not go there, being informed that she was out of town.

It was known the previous evening that these soldiers were in the neighborhood and rumors were circulating through the town next morning for several hours before their arrival that they were coming, and the agent states that he heard about midnight that there were rebel soldiers within four or five miles of the town.

There were no Federal soldiers there at the time. The numerous robberies committed by small bands of soldiers had become so common as to awaken apprehensions of depredations and put the people of the towns on the alert when they were informed of an intended visit by such.

The value and facility with which such articles could be taken and concealed, together with the presumption that the office of the Express Company would be the richest depository found in towns, peculiarly endangered them on such occasions at such places.

The apprehensions which appellee's agent may reasonably be presumed to have entertained on this occasion would seem to require a more prompt delivery or offer to deliver at the residence of the consignee; and the failure to do so might well be held as gross negligence, unless rebutted by showing some cause for non-delivery and not offering to do so, such as that the time was too short to deliver the articles consigned to that office, and that with more than ordinary diligence, and such as the occasion demanded, the articles then in the office could not be delivered, and thus account for not offering to deliver these at consignee's residence.

Had the offer of delivery been made at the consignee's place of residence and no one there to receive them, then appellees would have been exonerated from responsibility, but it can hardly be presumed that neither the father nor the mother would have received such articles had the offer at the residence been made, nor that they were not authorized to do so.

The jury were prevented from taking this view of the case by the instructions given.

Wherefore, the judgment is reversed, with directions for a new trial and further proceedings not inconsistent herewith.